IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
ENTERED
JAN 3 0 2003
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| PATE & PATE ENTERPRISES, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-02-3471 |
| NORTHWEST PIPE COMPANY, | § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER

Pending is Defendant's Motion to Dismiss for Improper Venue, or in the Alternative, to Transfer (Document No. 4). Plaintiff has not filed a response to the motion and in accordance with Local Rule 7.4, the motion is deemed unopposed. After carefully considering the motion, the lack of a response by Plaintiff, and the applicable law, the Court concludes that the motion should be denied.

## I. Background

Plaintiff Pate & Pate Enterprises, Inc. ("Pate") is a general contractor in Texas. Defendant Northwest Pipe Company ("Northwest") is an Oregon corporation that manufactures and sells pipe. In 2000, the Brazos River Authority awarded Pate a public contract (the "Project Contract") to construct a water line in Texas called the Williamson County Regional Raw Water Line (the "Project"). Pate entered into a purchase order contract with Northwest for the

manufacture and sale of the pipe for the Project. Pate alleges that after it paid Northwest for the pipe and began to install the pipe, Pate realized that the pipe was defective in that the internal dimensions of the pipe varied by more than the two percent allowed by the Project Contract specifications. Pate contends that as a result of the defect in the pipe, the Brazos River Authority removed Pate from the Project. Pate now seeks to recover damages from Northwest for breach of contract and for breach of implied warranties.

This is the second lawsuit that has arisen from the agreement between Pate and Northwest regarding the manufacture and purchase of the pipe. Northwest previously sued Pate in the United States District Court for the District of Oregon to recover payment for the pipe, where it won a summary judgment. On August 19, 2002, District Judge Owen M. Panner entered a final judgment awarding Northwest $337,749.63 in damages, $41,101.71 in pre-judgment interest, and $62,934,00 in attorneys fees.

Northwest now moves to dismiss Pate's complaint in this case pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, or in the alternative, to transfer the case to the United States District Court for the District of Oregon pursuant to 28 U.S.C. § 1406(a) on the basis that venue in this District is improper. Northwest asserts that before delivering the pipe to Pate, Pate signed a credit agreement (the "Credit Agreement"), wherein Pate

agreed, pursuant to a forum selection clause, to adjudicate any lawsuit arising out of the purchase of the pipe in either Oregon or Colorado.[1] Northwest also argues that the confirming quotation and invoices generated by Northwest and sent to Pate contain a forum selection clause designating Oregon as the proper forum for this lawsuit.

## II. Discussion

Forum selection clauses may be classified as either mandatory or permissive. When the forum selection clause contains clear language showing that jurisdiction is appropriate only in a designated forum, the clause is mandatory. *See* Caldas & Sons, Inc. v. Willingham, 17 F.3d 123, 126-27 (5th Cir. 1994). On the other hand, permissive forum selection clauses authorize jurisdiction in a designated forum, but do not prohibit litigation elsewhere. *See* id.

The forum selection clause in the Confirming Quotation and invoices created by Northwest and shipped to Pate for the manufacture of the pipe provide that

---

[1] Thereafter, Pate provided a purchase order to Northwest for the pipe. In its Original Petition, Pate alleges that a copy of the purchase order is attached as Exhibit A, but it is not attached. Northwest alleges that the purchase order does not contain any forum selection clause. The Court has no document to examine.

> **14. JURISDICTION:** Any litigation with respect to this contract or any documents executed by either party in connection with the transactions contemplated hereby or to enforce any judgment obtained against the other party for breach of this contract or such documents **may** be brought by either party in the courts of the State in which [Northwest] presides in the United States District Court for the District of State in which [Northwest] presides, as the party bringing the action **may elect**, and, by execution and delivery of this proposal, each party irrevocably submits to the jurisdiction.

Document No. 4, Estoll Dec., Ex. 1, at 7 (emphasis added). On the other hand, the Credit Agreement signed by Pate provides

### AGREEMENT

> [I]t is understood that in the event of suit or action, same **shall** take place in either Portland, Multnomah County, OR or the city, county, state from which the product was shipped.
>
> For value received, the undersigned agrees to unconditionally guarantee payment of all sums owed pursuant to this Agreement and further agrees to its terms regarding venue and jurisdiction.

Document No. 4, Funkhouser Dec., Exs. 1-2 (emphasis added).[2]

Based on the language of the forum selection clauses, the Court finds that Northwest's Motion should be denied. The forum selection clause found in the Credit Agreement, while mandatory, does not control the claim raised here by Pate. Rather, that clause refers to claims arising out of Northwest's agreement to extend credit to Pate for the purchase of the pipe. Here, the

---

[2] The pipe for the Project was shipped to Texas from Northwest's facility in Denver, Colorado.

claims raised do not involve Pate's failure to pay or the agreement between the parties regarding the extension of credit. Rather, the claims involve allegations by Pate that the pipe manufactured by Northwest was defective. Those claims are controlled by the forum selection clause found in both the confirming quotation and in the invoices. The forum selection clause in those documents provides that the party bringing suit *may* bring suit in Oregon if it so desires. As such, the clause is permissive, and does not prohibit Pate from filing suit in the Southern District of Texas.

### III. Order

For the reasons set forth, it is hereby

ORDERED that Defendant Northwest Pipe Company's Motion to Dismiss, or in the Alternative, to Transfer (Document No. 4) is DENIED.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas on this 28TH day of January, 2003.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE